# Court of Appeals
# of the State of Georgia

ATLANTA, March 23, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1360. JAMAR CEDRIC THOMAS v. THE STATE.**

On January 9, 2026, the trial court entered an order denying Jamar Cedric Thomas's motion to suppress, and on January 18, 2026, the trial court issued a certificate of immediate review. On February 9, 2026, Thomas filed a notice of appeal, seeking to appeal the denial of his motion to suppress.[1] We lack jurisdiction over this direct appeal.

Under OCGA § 5-6-34(a)(1), direct appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" An order denying the motion to suppress is not a final appealable decision within the meaning of OCGA § 5-6-34(a). Accordingly, Thomas was required to follow the interlocutory appeal procedure outlined in OCGA § 5-6-34(b) by obtaining a certificate of immediate review from the trial court within ten days and filing a timely application for interlocutory appeal in this Court. See OCGA § 5-6-34(b); Court of Appeals Rule 30. Although Thomas did obtain a timely certificate of immediate review, he did not file a timely application for interlocutory appeal and obtain an order

---

[1] On that same day, the trial court entered a second certificate of immediate review, nunc pro tunc to February 6, 2026, after Thomas moved the trial court to "correct" the certificate to reflect the date the defense received actual notice. Thomas then filed an application for interlocutory appeal on February 13, 2026, which this Court dismissed as untimely because it was not filed within ten days of January 18, 2026 certificate of immediate review. See Case No. A26I0140 (dismissed March 13, 2026).

from this Court granting him the right to file a direct appeal. Thomas's failure to do so deprives this Court of jurisdiction of this appeal, which is accordingly DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* _03/23/2026_

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*